# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD WALKER, ) | |
| ) | Civil Action No. 06 - 1280 |
| Petitioner, ) | |
| ) | |
| v. ) | District Judge Nora Barry Fischer |
| ) | Magistrate Judge Lisa Pupo Lenihan |
| MARDI HUNSBERGER/VINCENT; ) | |
| ATTORNEY GENERAL OF THE STATE ) | |
| OF PENNSYLVANIA and the DISTRICT ) | |
| ATTORNEY OF ALLEGHENY COUNTY, ) | |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION**

It is respectfully recommended that the Petition for a Writ of Habeas Corpus be denied. It is further recommended that a certificate of appealability be denied as Petitioner has failed to show a violation of his constitutional rights.

**II.**     **REPORT**

Petitioner, Donald Walker, brings this habeas corpus petition (Petition) pursuant to 28 U.S.C. § 2254 complaining that the Pennsylvania Board of Probation and Parole (Board) improperly refused his application for release on parole for unconstitutional reasons. For the reasons set forth below, the Petition should be denied.

**A. Relevant Facts and Procedural History**

Petitioner is serving a term of imprisonment of from three (3) to six (6) years for his convictions of Aggravated Indecent Assault, Indecent Assault and Corruption of Minors. After the expiration of his minimum sentence, Petitioner was eligible for parole under Pennsylvania law.[1]

On July 14, 2006, the Board denied Petitioner's application for parole with the following notice.

> AS RECORDED ON JULY 14, 2006 THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:
>
> FOLLOWING AN INTERVIEW WITH YOU AND A REVIEW OF YOUR FILE, AND HAVING CONSIDERED ALL MATTERS REQUIRED PURSUANT TO THE PAROLE ACT, THE BOARD OF PROBATION AND PAROLE, IN THE EXERCISE OF ITS DISCRETION, HAS DETERMINED AT THIS TIME THAT: YOUR BEST INTERESTS DO NOT JUSTIFY OR REQUIRE YOU BEING PAROLED/ REPAROLED; AND, THE INTERESTS OF THE COMMONWEALTH WILL BE INJURED IF YOU WERE PAROLED/REPAROLED. THEREFORE, YOU ARE REFUSED PAROLE/REPAROLE AT THIS TIME. THE REASONS FOR THE BOARD'S DECISION INCLUDE THE FOLLOWING.
>
> YOUR DENIAL OF THE NATURE AND CIRCUMSTANCES OF THE OFFENSE(S) COMMITTED.
>
> YOUR REFUSAL TO ACCEPT RESPONSIBILITY FOR THE OFFENSE(S) COMMITTED.
>
> THE NEGATIVE RECOMMENDATION MADE BY THE DEPARTMENT OF CORRECTIONS.
>
> YOUR UNACCEPTABLE COMPLIANCE WITH PRESCRIBED INSTITUTIONAL PROGRAMS.
>
> YOUR INTERVIEW WITH THE HEARING EXAMINER AND/OR BOARD MEMBER.
>
> YOU WILL BE REVIEWED IN OR AFTER JULY, 2007

---

1. *See* 61 Pa. Stat. § 331.21.

.
> AT YOUR NEXT INTERVIEW, THE BOARD WILL REVIEW YOUR FILE AND CONSIDER:
>
> WHETHER YOU HAVE SUCCESSFULLY COMPLETED A TREATMENT PROGRAM FOR SEX OFFENDERS.
>
> WHETHER YOU HAVE RECEIVED A FAVORABLE RECOMMENDATION FOR PAROLE FROM THE DEPARTMENT OF CORRECTIONS.
>
> WHETHER YOU HAVE RECEIVED A CLEAR CONDUCT RECORD AND COMPLETED THE DEPARTMENT OF CORRECTIONS' PRESCRIPTIVE PROGRAM(S).

Doc. no.12-2, pp. 21-22.

### B. Exhaustion Requirement

The habeas corpus statute at 28 U.S.C. § 2254(b) requires a state prisoner to exhaust available state court remedies before seeking federal relief. This exhaustion requirement serves to protect the interest of comity, which ensures that the state courts have the first opportunity to address and correct violations of state prisoners' federal rights. Rose v. Lundy, 455 U.S. 509, 518 (1982); Preiser v. Rodriguez, 411 U.S. 475, 491 (1973). Accordingly, before a federal court addresses the merits of a state prisoner's claims, constitutional and federal law issues first must have been fairly presented to the state courts through direct appeal, collateral review, state *habeas* proceedings, *mandamus* proceedings, or other available procedures for judicial review. *See, e.g.*, Castille v. Peoples, 489 U.S. 346, 351 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971); Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996); Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996). The petitioner has the burden of establishing that exhaustion has been met. Ross v. Petsock, 868 F.2d 639, 643 (3d Cir. 1989); O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987). Exhaustion is not a jurisdictional limitation, however, and federal courts may review the merits of a state petitioner's claims prior to

exhaustion when no appropriate state remedy exists. Christy v. Horn, 115 F.3d 201, 206 (1997); Doctor, 96 F.3d at 681; Carter v. Vaughn, 62 F.3d 591, 594 (3d Cir. 1995).

In this action, it is unclear whether Petitioner has exhausted his claims or even whether he has an available remedy to present his claims to the Pennsylvania courts. *See* DeFoy v. McCullough, 393 F.3d 439 (3d Cir. 2005). Notwithstanding, the Habeas Corpus Statute allows a federal court to deny a petitioner's claims on the merits notwithstanding a petitioner's failure to comply with the exhaustion requirements. 28 U.S.C. § 2254(b)(2). Under this authority, the Court will review the merits of Petitioner's claims.

In Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001), the United States Court of Appeals for the Third Circuit held that where the state court fails to adjudicate or address the merits of a petitioner's claims, the federal habeas court must conduct a *de novo* review over pure legal questions and mixed questions of law and fact. Petitioner's claims will be reviewed in accordance with this standard.

### C. Availability of Federal Habeas Corpus Relief

A state prisoner may be granted federal habeas corpus relief only if he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2254(a). Smith v. Phillips, 455 U.S. 209 (1982); Geschwendt v. Ryan, 967 F.2d 877 (3d Cir.), *cert. denied*, 506 U.S. 977 (1992); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir.), *cert. denied*, 502 U.S. 902 (1991). Violations of state law or procedural rules alone are not sufficient; a petitioner must allege a deprivation of federal rights before federal habeas relief may be granted. Engle v. Isaac, 456 U.S. 107 (1982); Wells v. Petsock, 941 F.2d 253 (3d Cir. 1991), *cert. denied*, 505 U.S. 1223 (1992).

As discussed below, Petitioner's habeas petition does not state a cognizable basis for federal habeas corpus relief because it fails to assert a constitutional violation associated with the Board's denial of his parole application.

### D. Petitioner's Claim

Petitioner claims that his Fifth Amendment rights were violated when he was denied parole because he refused to comply with the Pennsylvania Department of Corrections (DOC) Sex Offender Treatment Program (SOTP), which requires him to admit his guilt for successful completion. In this regard, the Pennsylvania Board is vested with broad discretion to grant or deny parole. Under state law the Board is authorized:

> To release on parole any convict confined in any penal institution of this Commonwealth as to whom power to parole is herein granted to the [B]oard ... whenever in its opinion the best interests of the convict justify or require his being paroled and it does not appear that the interests of the Commonwealth will be injured thereby.

61 Pa. Cons. Stat. § 331.21(a). In considering an application for parole, the Board is required to consider the nature and character of the offense committed, the general character and history of the prisoner, the written or personal statement or testimony of the victim or victim's family, and recommendations of the trial judge, the district attorney and of each warden or superintendent who has had control over the applicant. 61 Pa. Cons. Stat. § 331.19. Moreover, the Board is prohibited from granting parole unless the Commonwealth will not be injured thereby. 61 Pa. Cons. Stat. § 331.21(a).

In Pennsylvania, a prisoner's sentence is his maximum term. Krantz v. Pennsylvania Bd. of Probation & Parole, 86 Pa. Commw. 38, 41, 483 A.2d 1044, 1047 (1984). Thus, an inmate in Pennsylvania does not have any right under state law to be paroled or released until the expiration of his maximum sentence. Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285, 724

A.2d 319 (Pa.1999); Reider v. Pennsylvania Board of Probation and Parole, 100 Pa.Cmwlth. 967, 514 A.2d 967 (1986). The significance of the minimum sentence is that it establishes a parole eligibility date; the only "right" that can be asserted upon serving a minimum sentence is the "right" to apply for parole and to have that application duly considered by the Board. *See* 61 Pa. Cons. Stat. § 331.21. Consequently, both the federal and state courts have determined that the Pennsylvania Parole Act does not grant Pennsylvania state prisoners any constitutionally protected liberty interest in being released on parole prior to the expiration of their maximum terms.[2]

       Here, Petitioner claims a violation of his Fifth Amendment Right against self-incrimination based on the requirement that he admit his guilt in order to successfully complete the SOTP, which is a requirement for release on parole. In this regard, the Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." This right is referred to as the Fifth Amendment privilege against self-incrimination. The Supreme Court has instructed that "[t]he [Fifth] Amendment not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." Lefkowitz v. Turley, 414 U.S.

---

2. *See, e.g.*, McFadden v. Lehman, 968 F. Supp. 1001, 1004 (M.D. Pa. 1997) (Pennsylvania has not created an enforceable liberty interest in parole, rehabilitative pre-release programs, or in therapy programs); Rodgers v. Parole Agent SCI-Frackville, Wech, 916 F. Supp. 474, 476 (E.D. Pa. 1996); Mickens-Thomas v. Commonwealth, Bd. of Probation and Parole, 699 A.2d 792 (1997) (parole is nothing more than a possibility; it merely constitutes favor granted by the state as a matter of grace and mercy); Tubbs v. Pennsylvania Bd. of Probation and Parole, 620 A.2d 584, 586 (Pa. Commw. Ct. 1993) ("it is well settled under Pennsylvania law that a prisoner has no constitutionally protected liberty interest in being released from confinement prior to the expiration of his sentenced maximum term . . . the [Board] makes each decision on a case by case basis, and prisoners have no guarantees that parole will ever be granted"), appeal denied, 637 A.2d 295 (Pa. 1993).

70, 77 (1973). Furthermore, the Fifth Amendment privilege provides protection against the imposition of substantial penalties on a person who decides to invoke his right against self-incrimination. Minnesota v. Murphy, 465 U.S. 420, 434 (1984).

Petitioner does not state a violation of his Fifth Amendment rights for two reasons. First, the SOTP "acceptance of responsibility" requirement is not "**compelled**" testimony within the meaning of the Fifth Amendment. In this regard, in Ohio Adult Parole Authority v. Woodard, 523 U.S. 272, 286 (1998), the Supreme Court examined the constitutionality of Ohio's clemency process for death row inmates. There, an inmate could voluntarily request a clemency interview but the parole authorities could draw adverse inferences from an inmate's failure to answer questions. Inmates sued alleging that the procedure was a violation of their Fifth Amendment rights. A unanimous Supreme Court held that because the interview was voluntary, the inmates' statements did not amount to "compelled" testimony for purposes of the Fifth Amendment. In making this conclusion, the Court observed that the petitioner already was under a lawfully-imposed sentence of death. If clemency was granted, he would have obtained a benefit; if it was denied, he would be in no worse position than he was before. The Court concluded that the pressure to speak in the hope of improving his chance of being granted clemency did not make the interview compelled. *Id*. at 285-286.

In McKune v. Lyle, 536 U.S. 24 (2002), the Supreme Court extended this principal to participation in sex offender treatment programs (SOTP). In that case, the Supreme Court held that the adverse consequences faced by a state prisoner for refusing to make admissions required for participation in a SOTP were not so severe as to amount to compelled self-incrimination because the prisoner's refusal did not extend his prison term or affect his eligibility for good time credits.

Similarly, in the case at bar, Petitioner is serving a lawfully-imposed sentence: if parole is granted, he would obtain a benefit; if it is denied, he is in no worse position than he was before. The pressure to accept responsibility for the crimes for which he was convicted in order to improve his chances for parole does not make his admissions "compelled" for purposes of the Fifth Amendment. *See* Thorpe v. Grillo, 80 Fed. Appx. 215, 2003 WL 22477890 (3d Cir. 2003) (holding that the Pennsylvania Department of Corrections (DOC) policy of excluding from the SOTP those inmates who do not admit guilt to the offense did not violate an inmate's Fifth Amendment right against self-incrimination); Forsythe v. Walters, 38 Fed. Appx. 734, 2002 WL 1283400 (3d Cir. 2002) (same); Folk v. Attorney General of the Commonwealth of Pa., 425 F.Supp.2d 663 (W.D.Pa. 2006) (no compulsion for purposes of Fifth Amendment where consequence of failing to participate were decreased chance of parole); Wolfe v. Pennsylvania Department of Corrections, 334 F.Supp.2d 762, 773 (E.D.Pa. 2004) (no Fifth Amendment violation where participation in program was voluntary and consequences were not severe enough to be compulsion).[3]

Second, Petitioner has not shown that he will be compelled to be a witness against himself **in a criminal proceeding**. "[M]ere coercion does not violate the text of the Self-Incrimination Clause absent use of the compelled statements in a criminal case against the witness." Chavez v. Martinez, 538 U.S. 760, 769 (2003) (Thomas, J., plurality). In the opinion of the plurality, "a violation of the constitutional right against self-incrimination occurs only if one has been compelled to be a witness against himself in a criminal case." *Id*. at 770. *Accord* Renda v.

---

3. *Cf*. Ainsworth v. Stanley, 317 F.3d 1 (1st Cir. 2002) (upholding District Court decision holding no 5th Amendment violation when parole is denied based on inmate's inability to participate in SOTP due to failure to admit to criminal offenses), *cert. denied*, 538 U.S. 999 (2003); Carroll v. Simmons, 2004 WL 206329 (10th Cir. Feb. 4, 2004).

King, 347 F.3d 550, 559 (3d Cir. 2003) (holding that it is the use of a coerced statement during a criminal trial that violates the Constitution).

In this case, Petitioner's direct appeal has concluded and he is not pursuing PCRA remedies. Thus, it is hard to imagine how his "confession" can be used against him. *See, e.g*., Neal v. Shimoda, 131 F.3d 818, 833 (9th Cir.1997) (where double jeopardy considerations would preclude use of admission in any future prosecution, possibility of incrimination from admission that prisoner committed the crime of conviction is no more than a "remote and speculative possibility" insufficient to trigger Fifth Amendment protection); Lewis v. Department of Corrections, 365 N.J.Super. 503, 507, 839 A.2d 933 (holding that where direct appeals are exhausted, prisoner no longer has a Fifth Amendment privilege to refuse to answer questions about the crime of conviction); Rice v. Michigan Parole Bd., 2005 WL 2297463, at *4 (W.D. Mich. Sept. 21, 2005) (where no appeals or post-conviction relief proceedings remain pending, possibility of any admission to crime of conviction incriminating prisoner in the future "is no more than a remote and speculative possibility, which is insufficient to trigger the Fifth Amendment's protection against self-incrimination"). Petitioner never provided any incriminating statements, and neither his silence nor any incriminating statements have been used against him in a criminal proceeding. Thus, Petitioner's fear of self-incrimination is unfounded. Moreover, if an admission was truly compelled from Petitioner, such an admission would be "inadmissible in a subsequent trial for a crime other than that for which he has been convicted." Minnesota v. Murphy, 465 U.S. 420, 426 (1984). There is no reasonable expectation that any confession would be used against him as any admission obtained by compulsion would be suppressed at trial. Consequently, the Court finds no merit to Petitioner's claim that his right against self-incrimination was violated.

### E. Certificate of Appealability

The Habeas Corpus Statute at 28 U.S.C. § 2253(c) codifies the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Petitioner has not made a showing that he has been denied any of his constitutional rights. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, this court respectfully recommends that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

In accordance with the Magistrates Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

October 7, 2008

Lisa Pupo Lenihan
United States Magistrate Judge

cc: Nora Barry Fischer
    United States District Judge

    Donald Walker
    FT-3148
    SCI Laurel Highlands
    5706 Glades Pike
    Post Office Box 631
    Somerset, PA 15501-0631